**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

_____

**TIMOTHY L. HOELLER,**
                **Plaintiff,**

v.                                                                          **Case No. 14-cv-0398**

**VILLAGE OF BARRINGTON MANAGER,**
on behalf of the Village Board and Police,
                **Defendant.**

_____

## **DECISION AND ORDER**

Plaintiff Timothy Hoeller filed this complaint pro se alleging civil rights violations under 42 U.S.C. § 1983. Defendant filed a motion to dismiss based on personal jurisdiction and venue. Rather than responding to that motion, plaintiff filed a motion to stay. I denied that motion to stay and gave plaintiff 14 days to respond to defendant's motion to dismiss. Again, plaintiff failed to respond to defendant's motion and instead filed a second motion to stay/motion to reconsider. He provides no new arguments in his second motion, and therefore I will not reconsider my original decision; I decline to stay this case.

Although plaintiff has not responded to defendant's motion to dismiss (despite having additional time to do so), I have an independent duty to examine whether or not I have jurisdiction to hear a case, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and I will therefore consider whether I have personal jurisdiction over defendant. Based on plaintiff's own statements in his complaint, it is clear that I do not have personal jurisdiction over this lawsuit. In a federal question case, where there is no federal provision for nationwide service of process, I have personal jurisdiction to the extent permitted by Wisconsin law. Fed. R. Civ. P. 4(k); *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 Fed. Appx.

582, 585 (7th Cir. 2010) (citing *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997)); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("[Section] 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims."). Under Wis. Stat. § 801.05, I have personal jurisdiction over defendant only if: (1) at the time the action is commenced, defendant is present or domiciled in Wisconsin, a Wisconsin corporation or limited liability company, or engaged in substantial and not isolated activities in Wisconsin; (2) a Wisconsin statute specifically confers personal jurisdiction; (3) the action alleges an injury which arose from an act or omission within Wisconsin; (4) the action alleges an injury that occurred within Wisconsin even if the act which caused the injury occurred outside Wisconsin; (5) the action relates to Wisconsin services, goods, or contracts; (6) the action relates to property located in Wisconsin; (7) or one of several very specific types of actions which are irrelevant to this case. This case fits into none of these categories. Defendant is an Illinois municipality; all the events which plaintiff describes in his complaint occurred entirely in Illinois, including all acts by defendant and plaintiff's alleged injuries; and the case does not involve Wisconsin property, services, goods, or contracts.

I similarly lack personal jurisdiction under the Due Process Clause of the United States Constitution, under which a defendant must have "purposefully established 'minimum contacts'" in Wisconsin such that it is "not unreasonable to require him to submit to the burdens of litigation in that forum." *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 474–76 (1985). Minimum contacts can be established in two ways. First, I have general jurisdiction over defendant if defendant's contacts with Wisconsin are so "continuous and systematic" that defendant has subjected itself to the jurisdiction of that state regardless

of where the events giving rise to the suit occurred. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, I have specific jurisdiction over defendant if the actions giving rise to the suit occurred in Wisconsin. *Id.* at 414 n.8.

It is clear that I do not have general jurisdiction over defendant, an Illinois municipality which does not have continuous and systematic contacts with the state of Wisconsin. Nor can I find specific jurisdiction. The events giving rise to plaintiff's claim, as described in his complaint, all occurred in Illinois and have no connection to Wisconsin. The only connection to Wisconsin that plaintiff alleges is that he now resides in Milwaukee County. Where the plaintiff now resides is irrelevant to the question of personal jurisdiction. What matters is the *defendant*'s contacts with Wisconsin, and I find that defendant lacks sufficient minimum contacts for me to exercise personal jurisdiction over it.

I also conclude that the Eastern District of Wisconsin is not a proper venue for this action. Under 28 U.S.C. § 1391(b), a civil action may only be brought in (1) the district where defendant resides if all defendants reside in the same state; (2) the district where a substantial part of the events giving rise to the claim occurred or where a substantial part of the property at issue in the action is situated; or (3) if there is no appropriate district under the first two, any district in which any defendant is subject to personal jurisdiction. Defendant "resides" for purposes of § 1391(b)(1) "in any judicial district in which [it] is subject to personal jurisdiction." 28 U.S.C. § 1391(c)(2). Plaintiff's complaint does not set forth facts which establish that the Eastern District of Wisconsin is a proper venue because defendant does not "reside" in the district, the events giving rise to this action did not occur in the district, and defendant is not subject to personal jurisdiction here. And just as with

3

personal jurisdiction, it is irrelevant to the venue analysis that plaintiff now resides in Wisconsin; the federal venue statute focuses on the defendant.

I agree with defendant that the Northern District of Illinois, where defendant "resides" and where these events occurred, is the proper venue for this action. Under 28 U.S.C. § 1406, I may transfer a case rather than dismiss it if transfer would "be in the interest of justice." However, I conclude that it would not be in the interest of justice to transfer this case. With his complaint, plaintiff filed an Executive Committee Order from the Northern District of Illinois which requires plaintiff to obtain leave to file new complaints in the Northern District. *See* Executive Committee Order, *In the Matter of Timothy Hoeller*, Case No. 11-c-6451 (N.D. Ill. Sept. 15, 2011) (ECF No. 1-2, at 3–5). Transferring this case to the Northern District would, in effect, allow plaintiff to circumvent this standing order. Thus, I will dismiss this case without prejudice for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and (3).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to stay/motion to reconsider (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (ECF No. 7) is **GRANTED**. This case is dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge