UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**TIMOTHY L. HOELLER,**
                **Plaintiff,**

v.                                                      Case No. 14-cv-0398

**VILLAGE OF BARRINGTON MANAGER,**
                **Defendant.**
_____

## ORDER

Plaintiff Timothy Hoeller, pro se, filed the complaint in this action under 42 U.S.C. § 1983 alleging defendant violated is civil rights. On January 20, 2015, I dismissed his claims for lack of personal jurisdiction and improper venue. In March 2015, I denied two motions for reconsideration on the issues of personal jurisdiction and venue. Plaintiff appealed my decision, and the Seventh Circuit affirmed me in October 2015. Since then, plaintiff has filed numerous new motions, which I now address.

In his various filings, plaintiff seeks to introduce new facts that he claims support personal jurisdiction and venue in the Eastern District of Wisconsin[1] and asks me to re-open the case.[1] Plaintiff has waived his opportunity to submit any new facts in support of his claims by failing to raise them when the parties briefed personal jurisdiction and venue.

---

[1] Plaintiff also seems to attempt to add a claim under the False Claims Act to this case. *See* ECF No. 61. Amendment of the complaint after dismissal and affirmation of the dismissal on appeal is too late. Additionally, I would not have personal jurisdiction over any claim against defendant under the False Claims Act for the same reasons I lack personal jurisdiction over plaintiff's § 1983 claims against defendant.

[1] Plaintiff asks that his motion to reopen be considered "by the highest level judge in your courthouse." ECF No. 70. I am a district court judge, the "highest level judge" in the Eastern District. Further, plaintiffs do not have a right to request a new judge in federal court.

Further, even considering these facts, nothing in plaintiffs' new filings gives me reason to reconsider my initial decision that I lack personal jurisdiction and venue, especially in light of the Seventh Circuit's opinion in this case. Therefore, I will deny these motions.

Plaintiff correctly points out that this case was dismissed without prejudice. However, if plaintiff wishes to continue to pursue his claims he must do so in a court that has personal jurisdiction over defendant and in which venue is proper. That is not the Eastern District of Wisconsin.

Plaintiff has filed a copy of a medical record that he claims supports his claims. Plaintiff asks that this document remain sealed, and I will grant that motion given the sensitive, personal nature of the information contained.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to seal (ECF No. 61) is **GRANTED**. ECF No. 61-1 shall remain under seal.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement record (ECF No. 61), motion to remand for grand jury trial (ECF No. 61), motion seeking to introduce new evidence omitted in previous filings (ECF No. 62), motion for judge's considerations of supplementing record (ECF No. 63), and motion to reopen litigation (ECF No. 69) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge